**FEDERAZIONE ITALIANA DEI CON-SORZI AGRARI et al., Libelants,**

v.

**MANDASK COMPANIA DE VAPORES, S.A., et al., Respondents.**

United States District Court
S. D. New York.
Nov. 12, 1963.

Kirlin, Campbell & Keating, New York City, Edward L. Smith, New York City, of counsel, for libelants.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, Eli Ellis, Eugene F. Gilligan, New York City, of counsel, for respondent.

WYATT, District Judge.

Libelants move to require respondent to furnish security or surrender pending freights or, in default thereof, to strike from respondent's answer a prayer for limitation of liability.

The suit arises out of the total loss at sea on March 18, 1957 of the SS Perama, owned by respondent. The Perama was carrying a cargo of soybean oil, owned by libelant Federazione etc., and insured by the other libelants. Apparently there are no claims on account of the loss of the vessel except those of libelants.

A libel in personam for $5,000,000 for the cargo loss was filed in this Court by libelants on July 19, 1957. Under a citation in personam with clause of foreign attachment, the Marshal attached substantial credits of respondent on the ground that respondent could not be found in this district. The attachment was vacated by Judge Bryan who held in an opinion filed January 7, 1958 that the respondent could be found here; the vacatur was on condition that respondent appear generally and it has done so.

As a fifth defense in its answer, respondent pleaded—in reliance on 46 U. S.C. §§ 181–186—that its liability in any event could not be "in excess of the interest of the Respondents in said vessel and her pending freight".

The vessel is totally lost; the amount of pending freight is said to be $353,-367.09.

The suit is on the permanent calendar of admiralty suits and on August 9, 1963 a pre-trial order was made by Chief Judge Ryan.

The owner of a vessel may take the initiative and within the period limited may petition the district court for limitation of liability. In such event the owner must deposit security in compliance with the statute. 46 U.S.C. § 185.

On the other hand, the vessel owner—without filing any such petition —may plead the limitation of liability of 46 U.S.C. § 183(a) as a defense to a suit for cargo loss and the like. Such a pleading is not specifically provided for in the statutes nor in the Admiralty Rules of the Supreme Court, but its availability as a defense in an answer

has been recognized for many, many years. The Scotland, 105 U.S. 24, 33–34, 26 L.Ed. 1001 (1882); The Great Western, 118 U.S. 520, 525–526, 6 S.Ct. 1172, 30 L.Ed. 156 (1886); California Yacht Club of L. A. v. Johnson, 65 F.2d 245 (9th Cir. 1933); The Chickie, 141 F.2d 80 (3d Cir. 1944); Deep Sea Tankers, Ltd. v. The Long Branch, 258 F.2d 757 (2d Cir. 1958). It is said that the "legislative provisions * * * justify a pleading in any court as a defense * * *". 3 Benedict on Admiralty (6th ed.) 464.

■ A requirement of security from the owner is only applicable when the owner files a petition under 46 U.S.C. § 185.

There is no such requirement in the statute except for a petition filed by the owner; for pleading as a defense in the answer, the statute is entirely silent as to any security—indeed, as has been seen, the statute is silent as to the defense in an answer.

In only one decision has it ever been suggested that security may be required by the Court of an owner pleading limitation of liability in an answer. This one decision is Deep Sea Tankers, Ltd. v. The Long Branch, above. After a holding that the security requirement in Section 185 could not be read into Section 183 so as to affect an owner pleading the defense in an answer, the Court's opinion (by Judge Medina) contained this dictum (258 F.2d at 773):

> "* * * when limitation of liability is asserted by way of defense in the answer there are interlocutory remedies open to a libelant to prevent loss or depreciation of the vessel by requiring surrender or the posting of security. These are procedural matters which do not appear to affect the substantive rights of the parties and they are normally litigated before or at least during trial."

The meaning of this is by no means crystal clear. A reasonable interpretation is that although not a statutory requirement, the Court under some circumstances and as a matter of discretion might be justified in requiring security of an owner pleading the defense in an answer.

The research of counsel, and of this Court, has produced nothing else on the point.

There has never been a case where security was required of an answering owner.

On the other hand, there has been one opinion of the Supreme Court in which it was said that "for the mere defence of that cause it was not necessary" for the answering owner to give security where he had pleaded limitation of liability as a defense. The Great Western, above, 118 U.S. at page 526, 6 S.Ct. at page 1173, 30 L.Ed. 156. This also seems to have been held in The Scotland, above, see 105 U.S. 34–35, 26 L.Ed. 1001.

Libelants present many factors which could properly be taken into account in exercising a discretion to require security—that respondent is a Panama corporation whose only asset was the lost vessel, the large amount of the cargo loss claim in relation to the amount of pending freight, etc., etc.

But where there is not a single precedent over the span of a hundred years or more which would support the existence of a discretion to require security in the situation here, this Court ought not now to introduce an innovation. The present motion is not an ideal occasion for the innovation in any event because the motion is made over five years after service of the answer.

Except for the lonely Second Circuit dictum, there is no mention in any of the cases of security from an answering owner. The treatises do not even discuss such a possibility. See Gilmore and Black, The Law of Admiralty, pages 680–683; 3 Benedict on Admiralty (6th ed.) § 508.

Moreover, it is not without significance that the decisions have not read the time limitation for filing a petition under Section 185 as applying to pleading the

defense under Section 183(a) in an answer. The decisions refuse to incorporate into Section 183(a) the time requirement of Section 185. The Chickie, above; Deep Sea Tankers Ltd. v. The Long Branch, above. By analogy it would seem to follow that the security requirement of Section 185 ought not to be incorporated into Section 183(a).

Accordingly, the Court feels constrained to deny the motion.

So ordered.